UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
In re:

JUST PLUMBING HEATING & SUPPLY, INC.,

Chapter 11
Case No. 11-10151 (MG)

Debtor.
------------------------------------------------------------------------ X

**INTERIM ORDER AUTHORIZING THE DEBTOR'S USE OF
CASH COLLATERAL *NUNC PRO TUNC* FROM PETITION DATE**

**UPON,** Just Plumbing Heating & Supply, Inc., the above-captioned Debtor and Debtor-in-Possession (the "Debtor") having filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Court") on January 18, 2011 (the "Petition Date"); and

**UPON,** the motion of TD Bank, N.A. f/k/a TD Banknorth, N.A. ("TD Bank"), secured lender to Debtor, by and through its counsel, Platzer, Swergold, Levine, Goldberg & Jaslow, LLP ("PSK"), to shorten notice (the "Motion to Shorten Notice") of a hearing to occur on the motion (the "Motion") of TD Bank for the entry of an order(s): (1) pursuant to 11 U.S.C. § 363, prohibiting the Debtor from using TD Bank's cash collateral; (2) pursuant to 11 U.S.C. § 362(d), granting TD Bank relief from the automatic stay to allow it to recover TD Bank's collateral (the "Collateral"); and (3) pursuant to 11 U.S.C. § 1112, converting the Debtor Chapter 11 case to a case under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**UPON,** the Court having entered an Order granting the Motion to Shorten Notice on March 1, 2011, and having scheduled a hearing on the Motion for March 9, 2011 (the "Hearing"); and

1

**UPON,** the Court having considered the Motion, the exhibits attached thereto, and the argument of the parties' counsel at the Hearing and in accordance with Rules 2002, 4001(b), and (d), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), due and proper notice of the Motion and the Hearing having been given; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that approval of the interim relief set forth below is necessary to protect TD Bank's cash collateral (as defined below) pending the adjourned date of the Hearing and is otherwise fair and reasonable and in the best interests of the Debtor, its creditors, estate and equity holders, and is essential for the continued operation of the Debtor's business and the protection of TD Bank's cash collateral; and all objections, if any, to the entry of this Order having been withdrawn, resolved or overruled by the Court; upon the record made by TD Bank at the Hearing, including the Motion, the filings and pleadings in this case, and after due deliberation and consideration, and for good and sufficient cause appearing therefore and upon consent of TD Bank, the Debtor, the objecting party to the Motion, Laurence Lee, and the Office of the United States Trustee; it is hereby

**ORDERED,** that the Hearing is hereby adjourned to March 24, 2011 at 3:00 p.m. (the "Adjourned Hearing"); and it is further

**ORDERED,** that solely up until the Adjourned Hearing, the Debtor is hereby authorized to use, in the ordinary, necessary and in the reasonable course of its business, any and all cash, income, receivables, proceeds received from or on account of pre-petition or post-business operations, and all other cash equivalents constituting cash collateral within the meaning of Bankruptcy Code §363(a), including, without limitation, proceeds, products, offspring, rents, or

profits of such property (the "Cash Collateral") pursuant to a proposed budget to be submitted by the Debtor to PSK and the Office of the United States Trustee on or before 5:00 p.m. on March 14, 2011, and solely to the extent that said proposed budget is agreeable to TD Bank; and it is further

**ORDERED,** that, as security and adequate protection for the Debtor's use of any such Cash Collateral, pursuant to Bankruptcy Code §361(1), the Debtor is hereby directed to remit to TD Bank an interim adequate protection payment in the amount of $10,000.00 in certified funds so that said payment is received by PSK on or before March 10, 2011, and the foregoing payment is expressly without prejudice to TD Bank's rights to request additional adequate protection payments from the Debtor at the Adjourned Hearing or thereafter; and it is further

**ORDERED,** that as further security and adequate protection for the Debtor's use of any such Cash Collateral, TD Bank is hereby granted *nunc pro tunc* to the Petition Date, a replacement lien in the Debtor's unencumbered assets in the same amount as any diminution of the value of TD Bank's collateral and/or Cash Collateral (the "Replacement Lien"), provided, however, that TD Bank shall not be granted a lien against any and all avoidance actions pursuant to Section 5 of the Bankruptcy Code or recoveries therefrom; and it is further

**ORDERED,** that if the Replacement Lien is insufficient to provide adequate protection of TD Bank's interest in the value of the collateral and/or Cash Collateral utilized post-petition, TD Bank is hereby granted, *nunc pro tunc* to the Petition Date, an administrative expense priority claim equal to such insufficiency pursuant to Bankruptcy Code §507(b) of the Bankruptcy Code; and it is further

**ORDERED,** that the Debtor is hereby directed to provide PSK and the Office of the United States Trustee with an accounting of the Debtor's post Petition Date business transactions

and a proposed budget for the month of March, 2011 so that it is received by said parties no later than 5:00 p.m. on March 14, 2011.

Dated:    New York, New York
          March 11, 2011

                                                 **/s/Martin Glenn**
                                                 HONORABLE MARTIN GLENN
                                                 UNITED STATES BANKRUPTCY JUDGE