**UNITED STATES BANKRUPTCY COURT**  **NOT FOR PUBLICATION**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                       :
                                                             :
                                                             :
JUST PLUMBING & HEATING                                      :    Chapter 11
SUPPLY, INC,                                                 :    Case No. 11-10151 (MG)
                                                             :
                            Debtor.                          :
------------------------------------------------------------x

# MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION TO DISMISS

*A P P E A R A N C E S:*

EDWARD C. BRUNO, ESQ.
*Attorney for Debtor*
15 Bruyn Avenue
P.O. Box 987
Pine Bush, New York 12566
By:    Edward C. Bruno, Esq.

TRACY HOPE DAVIS
*United States Trustee for Region 2*
22 Whitehall Street, 21st Floor
New York, New York 10004
By:    Andrew D. Velez-Rivera, Esq.
       Greg Zipes, Esq.


**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE.**

　　　　　Pending before the Court is Just Plumbing & Heating Supply, Inc.'s (the

"Debtor") motion to dismiss its chapter 11 case pursuant to Rule 1017(a) of the Federal

Rules of Bankruptcy Procedure. ("Motion," ECF Doc. #27.) The United States Trustee

("UST") opposes the Motion, instead requesting that the case be converted to a case

under chapter 7 because the Debtor appears to have substantial assets that could be

liquidated for the benefit of the Debtor's creditors. (ECF Doc. #29.) No creditors'

1

committee has been appointed in the case. For the reasons explained below, the Motion is denied.

## I. BACKGROUND

The Debtor operates a plumbing and heating supply warehouse that sells materials to plumbing and heating contractors. When the Debtor filed this chapter 11 case on January 19, 2011, the Debtor had one secured creditor, TD Bank, which had extended separate loans to Debtor and to Debtor's principal, Kenneth Lee ("Lee"), secured by substantially all of Debtor's assets as well as by certain of Lee's individually owned assets. Lee also personally guaranteed all of Debtor's loans from TD Bank. Prior to bankruptcy, TD Bank obtained a state court judgment against the Debtor in the amount of $244,889.49. The day before the City Marshall planned to seize and sell Debtor's assets to satisfy TD Bank's judgment, the Debtor filed this chapter 11 case. During the course of the case, Lee repaid the Debtor's debt to TD Bank in full from non-debtor assets. TD Bank, therefore, released its security interest in Debtor's assets.

Remaining claims against the Debtor include approximately $1.2 million of priority tax and general unsecured claims. The largest general unsecured claimant is Lee's brother, Laurence Lee, who holds a $466,000 claim arising from Debtor's default in payments under a promissory note given in connection with Debtor's purchase of all of Laurence Lee's shares in the Debtor. General unsecured claims from trade vendors total approximately $775,000.00.

Debtor's most recent operating report shows the business is, at best, marginally profitable.[1] The Debtor's balance sheet shows assets with a book value of approximately $700,000. The Debtor now disputes that value. The Debtor responded to the UST Objection with an affidavit of Kenneth Lee. *See* Affidavit in Reply to Objection and in Further Support of Motion by Just Plumbing & Heating Supply, Inc. for an Order Dismissing the Bankruptcy Case, dated October 14, 2011 (ECF Doc. #30). The affidavit states that the value of "[t]he total assets that could be liquidated is approximately $232,000." *Id*. ¶ 9. The Debtor argues that "[n]o useful purpose would be served by liquidating the minimal assets available, and the creditors would be better served by the business continuing to operate." *Id.* ¶ 10. Whether the assets are worth $700,000 or $232,000, there are assets to be administered, either through reorganization or liquidation; a distribution to creditors is likely to occur in either event. Creditors may receive a greater recovery if the Debtor reorganizes successfully in chapter 11, rather than liquidates in chapter 7. But dismissal of the case does not assure creditors a better result, or a result respecting priorities and equality of distribution required by the Bankruptcy Code.

Debtor's Motion argues that now that it has satisfied its only secured creditor, TD Bank, and

> [d]espite Debtor's [continuing] financial difficulties, Debtor would prefer to negotiate payment arrangements with its creditors outside the protections of the Bankruptcy Court. Most of the creditors are vendors that Debtor continues to deal with in the ordinary course of business. Prior to filing of the Bankruptcy, Debtor was in

---

[1] The Debtor occupies a building owned by a non-debtor entity wholly owned by Kenneth Lee. The Debtor has not been paying rent during the bankruptcy case. If rent was paid or accrued, the Debtor would be showing continuing losses from operations.

3

negotiations with its creditors and had worked out payment arrangements that were satisfactory to the creditors.

Motion ¶ 14. As discussed below, the Debtor's "preference" now to deal with its remaining creditors outside bankruptcy cannot justify dismissal of the case where assets are available to satisfy creditor claims, in whole or in part. Once a bankruptcy proceeding is started, private "payment arrangements" that could be reached outside of bankruptcy must give way to the Bankruptcy Code's priority and equality of distribution requirements inside bankruptcy, absent creditor consent to different treatment.

## II. DISCUSSION

### A. The Bankruptcy Court's Discretion To Dismiss or Convert a Chapter 11 Case

Unlike chapter 12 and 13 debtors, "a Chapter 11 debtor does not enjoy an absolute right to a dismissal of its bankruptcy." *In re Kingsbrook Dev. Corp.*, 261 B.R. 378, 379 (Bankr. W.D.N.Y. 2001). Bankruptcy Code § 1112(b) permits a court to dismiss a chapter 11 case or convert it to a case under chapter 7 "for cause" as long as it is "in the best interests of creditors and the estate." *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009) (citing 7 COLLIER ON BANKRUPTCY ¶ 1112.04). Although § 1112(b)(4) provides sixteen examples of events that could constitute "cause," the list is not exhaustive, leaving courts the option to consider other factors. *See, e.g.*, *In re Ameribuild Constr. Mgmt., Inc.*, 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009) (citing legislative history). Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b). *See Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 247 (6th Cir. 2009); *In re Kholyavka*, No. 08-

4

10653, 2008 WL 3887653, at *5 (Bankr. E.D. Pa. Aug. 20, 2008) (quoting H. REP. 595, 95th Cong., 1st Sess. 405 (1977)).

Absent unusual circumstances, after notice and a hearing, a bankruptcy court will dismiss or convert a chapter 11 case, "whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1). The moving party has the burden of demonstrating cause for dismissal or conversion. *See In re Loco Realty Corp.*, No. 09-11785, 2009 WL 2883050, at *2 (Bankr. S.D.N.Y. June 25, 2009). "Once the movant has established cause, the burden shifts to the respondent to demonstrate by evidence the unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." 7 COLLIER ON BANKRUPTCY ¶ 1112.05[1] (16th ed. 2009).

In determining whether dismissal or conversion is in the best interests of creditors and the estate, courts may consider:

> (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal[;]
>
> (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted[;]
>
> (3) whether the debtor would simply file a further case upon dismissal[;]
>
> (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors[;]
>
> (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise[;]
>
> (6) whether any remaining issues would be better resolved outside the bankruptcy forum;

5

      (7)      whether the estate consists of a "single asset"[;]

      (8)      whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests[;]

      (9)      whether a plan has been confirmed and whether any property remains in the estate to be administered[;] and

      (10)     whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Id.* ¶ 1112.04[7].

### B. The Debtor's Case Should Not Be Dismissed

As required by Bankruptcy Rule 1017(a), the Debtor has provided sufficient notice to interested parties and has provided with the notice a list of all creditors and respective addresses. But the Debtor has offered no justification for dismissal; instead, the Debtor simply asserts that it has paid off its only secured creditor and, although it is still experiencing significant financial difficulty, it "would prefer to negotiate payment arrangements with its [remaining unsecured] creditors outside of the protections of the Bankruptcy Court." Motion ¶ 14.

In *Kingsbrook*, the debtor moved to dismiss his bankruptcy case when its largest secured debt had been satisfied through foreclosure on real estate. Although no creditors opposed the motion to dismiss, the court nevertheless refused to dismiss the case, stating, "[w]hile [the two largest secured creditors] may be the only two parties who have appeared to express an interest in this matter, all creditors continue to have an interest in the outcome." 261 B.R. at 379. The *Kingsbrook* court's rationale supports a denial of the Debtor's motion here:

6

> The Bankruptcy Code aims to achieve a proper balance between the respective rights of creditors and of debtors. In filing its voluntary petition for relief, the debtor obtained the protections of Chapter 11, but on condition of its acceptance of the restrictions and limitation of the bankruptcy process. Among the goals of the bankruptcy process is maximization of distribution to creditors. In working to achieve this goal, the debtor is a trustee for the benefit of all creditors. The debtor's performance as a trustee is further subject to circumspection: by creditors, by the Office of the United States Trustee, and by the Court.
>
> A dismissal of the bankruptcy case at this time would remove the various protections that the bankruptcy process has ordained for the benefit of creditors. . . . Absent either the affirmative consent of all creditors to a dismissal or proof of full repayment of unsecured claims, this court is disinclined to deprive creditors of the bankruptcy protections and rights to which they are now entitled.

*Id*. at 379-80.

In its June 8, 2011 written status report to the Court, the Debtor reported: "Once the secured debt to TD Bank, N.A. is satisfied, Debtor will be finalizing a plan on how to deal with the remaining creditors, or in the alternative, may file a Motion to Dismiss, and if granted, deal with the remaining creditors in the ordinary course of business." (ECF Doc. #21.) But not all of Debtor's remaining creditors are trade creditors that can be dealt with in the "ordinary course of business." And even if the remaining creditors were all trade creditors, any such "deals" would not assure the required priority and equality of distribution mandated by the Bankruptcy Code.

It is also unclear whether the Debtor intends to liquidate or reorganize, inside or outside of bankruptcy. Certainly, the Debtor could file a liquidation plan under chapter 11, even when its basic premise is not to rehabilitate the bankrupt entity. *See, e.g.*, *In re Ionosphere Clubs, Inc*., 184 B.R. 648, 654 (S.D.N.Y. 1995); *In re Fairmont Commc'ns*, No. 92-B-44861, 1993 WL 428710, at *5 (Bankr. S.D.N.Y. Oct. 12, 1993); *In re*

7

*Thomson McKinnon Secs., Inc.*, 126 B.R. 833, 836 (Bankr. S.D.N.Y. 1991). In fact, chapter 11 can give a debtor more time to arrange for an orderly liquidation than chapter 7.[2]

Presently, the UST has requested conversion to chapter 7 as an alternative to dismissal, but has not moved for conversion. Under the circumstances, the Debtor will be given one last chance to move this case forward under chapter 11. If the Debtor is unable or unwilling to do so, or (since the Debtor's exclusivity period has expired) a creditor shows no interest in advancing a plan, the Court, in its discretion, may *sua sponte* convert the Debtor's case to a case under chapter 7. *See, e.g.*, *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 247 (6th Cir. 2009) (affirming bankruptcy court's *sua sponte* decision to convert the debtor's chapter 11 case instead of dismissing the case as requested by the debtor); *In re Munteanu*, No. 06-CV-6108, 2007 WL 1987783, at *3 (E.D.N.Y. June 28, 2007) (affirming Bankruptcy Court's *sua sponte* dismissal of chapter 11 case for cause under § 1112(b)).

---

[2] Section 721 of the Bankruptcy Code permits a court to authorize a chapter 7 trustee to operate the debtor's business for a limited period of time "if such operation is in the best interests of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. But the emphasis is on a "limited period of time," without experienced management in control of the process. Nothing has occurred in this case so far, however, that disqualifies existing management from continuing to operate the business as debtor-in-possession and conversion to chapter 7 is not necessarily warranted at this time.

### III. CONCLUSION

The Debtor's Motion is **DENIED**. The Debtor shall file a notice with the Court on or before 14 days from the date of this Order advising whether Debtor intends to move forward expeditiously with its chapter 11 case, or the case will be converted to a case under chapter 7.

**IT IS SO ORDERED.**

DATED:  October 18, 2011
             New York, New York

                                                          <u>     /s/Martin Glenn                   </u>
                                                                MARTIN GLENN
                                                     United States Bankruptcy Judge

9